BOUTALL, Judge.
This appeal is taken by a defendant who issued a promissory note pursuant to a supplemental community property settlement. The plaintiff brought suit seeking to enforce the note and the trial court deter *383 mined that the note and supplemental agreement were valid and enforceable. The defendant appeals.
Mary Ann and Lionel A. Bernardi were married in 1954 and later received a judicial separation on January 30,1978. During the existence of the community, they acquired interests in certain properties including interests in corporations known as V-6 Corporation, Lion’s Share Corporation and Tarpon Marine, Inc. After their separation, both parties entered a community property agreement on April 4,1978, to dispose of all of the property considered to be a part of the community. In that agreement it was stated:
“... this contract of community settlement is not under any circumstances subject to review, but is intended to be complete and final.”
Although their intention was clear, it became necessary to enter into a second community property agreement to dispose of interests in several corporations not considered in the initial agreement. In accordance with the second agreement, Lionel Bernardi issued a promissory note for $11,-500.00 to Mary Bernardi for her rights and interests in Tarpon Marine and Lion’s Share. This note was secured by a mortgage on a piece of property owned by Lionel Bernardi. This second agreement, note and mortgage are the subject of this appeal.
The appellant argues that the above quoted language in the first agreement precludes both parties from entering into any additional agreements concerning the community property regime. In addition, he argues that the note is invalid for want of consideration and that the mortgage is also invalid on the basis that he is not the perfect owner of the property in question. We do not agree and affirm the judgment appealed.
The first agreement was an attempt by both parties to divide the assets of the community equitably. Because of interrelated debt and security given therefor, interests in these corporations were not able to be fully determined with preciseness but only conditionally, making a second agreement necessary to fully dispose of these unresolved interests. There is nothing in the law or jurisprudence which would prohibit these parties from entering into this supplemental agreement. Accordingly, this court finds that the agreement reached by the parties supplementing the initial agreement is a valid one and should be enforced.
As to the promissory note in question, consideration for the note was given by Bernardi acquiring his wife’s interests in these corporations and by the equitable disposition of the entirety of the community property regime. Although these corporations were in debt at the time of this agreement, there was some value to the corporations, and, of course, they could have been profitable instead of becoming more of a liability. One is not relieved of his obligations simply because he made a bad bargain. Additionally this supplemental agreement is only a part of the final and equitable disposition of the community properties, and relates to the entire transaction.
The appellant also argues that he is not the perfect owner of property on which the mortgage is based. He argues in 1959 he supposedly acquired a piece of real estate from his father by Notarial Act of Cash Sale. Instead, he claims that his father actually donated the property to him and that his wife knew of this. This court dispenses with this argument by relying on the public records. Since 1959, the public records have shown that Mr. Bernardi has had legal title to the property in question. Due to the public records doctrine, he is considered the owner of the property thereby making the properly executed mortgage valid.
There is also some question made by the appellant that the plaintiff did not meet her burden of proof as to the consideration for the note. We note that the trial court considered all the documents stipulated to and received in evidence and found that the agreements, note and mortgage were all properly executed. The trial court did not consider the motivation for the execution of *384 these documents but only that they were binding on the parties. We believe that the documents more than carry the plaintiff’s burden of proof and that the consideration for these documents was the equitable distribution of the community property regime and the vesting of complete control and ownership in the respective properties apportioned to each party.
In accordance with the above question, the decision by the trial court is affirmed.
AFFIRMED.