448 So.2d 901 (1984)
The STONE OIL CORPORATION, Plaintiff-Appellee,
v.
ACADIANA CONSULTING & INVESTMENT COMPANY, INC. and Sherry Higginbotham Broussard, Defendant-Appellant.
No. 83-657.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
Cabes, Tracy & Perret, Robert L. Cabes, Lafayette, for defendant-appellant.
Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., Opelousas, for defendant-appellee.
Andrew L. Gates, III, Lafayette, for plaintiff-appellee.
Before CUTRER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
The issue in this appeal is whether a wife is entitled to summary judgment classifying *902 as community property certain immovable property rights, based on proof that the property was purchased in the husband's name in 1971 during the existence of the community of acquets and gains, and that the instrument of purchase did not recite the "double declaration" then necessary to characterize the property as the separate property of the husband. Because of the intervening expression of the legislative will through what is now Civil Code Article 2340, we conclude that proof of these facts alone does not establish the wife's right to summary judgment. We reverse and set aside the summary judgment and remand the case for further proceedings.
The issue is presented within the framework of a concursus proceeding instituted by the Stone Oil Corporation. The concursus was to determine the ownership of certain royalties derived from production on a tract of land in Vermilion Parish. The contesting parties claiming the royalties are Sherry Higginbotham Broussard, former wife of Whitney Lynn Broussard, and Acadiana Consulting & Investment Co., Inc. Acadiana is the successor in title from Whitney Lynn Broussard. Mrs. Broussard filed a motion for summary judgment which was granted on March 29, 1983. Acadiana appealed.
The mineral rights at issue were purchased by Mr. Broussard from his sister. The purchase was by an act of cash sale and assumption dated January 20, 1971. Whitney Lynn Broussard was the vendee and was identified in the sale as married to and living with his wife Sherry Ann Higginbotham. The recited price was $8,000, of which $6,000 was paid in cash and the rest was the assumption of a mortgage note having a balance of $2,000.
Mr. Broussard presently claims that the property purchased was his separate property. The Broussards had a community property regime. The conveyance instrument did not contain a declaration that the property was acquired with the husband's separate funds for his separate estate.
The Broussards were divorced in 1978. In 1980 the husband conveyed to his mother all of his interest in the mineral rights at issue. His mother later transferred her rights to Acadiana.
The former wife, Mrs. Broussard, filed a motion for summary judgment claiming that she owned half of the mineral rights acquired by Mr. Broussard from his sister, and therefore she is entitled to the mineral royalties. She alleges that since the property was acquired during the community and the contract of sale failed to include a declaration that the property was her former husband's separate property, the property is conclusively presumed to have been community property. The trial court granted Mrs. Broussard's motion for summary judgment and declared her the owner of a community one-half interest.
La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. Indus. Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152 (La.1983). Whether or not a summary judgment is appropriate in the present case depends upon whether there are genuine issues as to the material facts which the moving party, the wife, had the burden of proving.
The facts material to a decision in the case are substantially different depending on whether a conclusive presumption applies or whether a rebuttable presumption applies. In 1971 there existed a jurisprudential requirement that unless the instrument of acquisition of immovable property by the husband contained the "double declaration" that the property was bought with his separate funds for his separate estate, the property was conclusively presumed to belong to the community estate. Primeaux v. Libersat, 307 So.2d 740 (La. App. 3rd Cir.1975), writ granted 310 So.2d *903 847 (La.1975), reversed on other grounds 322 So.2d 147 (La.1975). A summary judgment based upon that conclusive presumption obviously requires only the proof of the foundation facts for the establishment of the presumption. There is no question that in this case this much proof existed, for indeed these facts were uncontested. The purchase was made during the marriage and the purchase instrument did not contain the double declaration.
However, LSA-C.C. art. 2340, the source of which was Act 709 of 1979, which became effective January 1, 1980, suppressed the requirement of a double declaration established by the jurisprudence. It provides as follows:
"Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property."
As explained by the comments to this article, it establishes a rebuttable presumption that property acquired during the existence of the regime of community is community property. The question in the instant case is whether that article has retroactive application to the purchase in 1971.
In the case of Wood v. Wood, 424 So.2d 1143 (La.App. 1st Cir.1982) our colleagues of the First Circuit have expressed the opinion, with appropriate citations of authority, that article 2340 applies retroactively. Their reasoning is that the article is procedural in nature because it establishes a rebuttable (as opposed to a conclusive) presumption. A procedural law is given retroactive effect unless its language indicates a contrary intention. The legislation creating this new article did not indicate that it was not to be retroactive. Therefore, article 2340 is to be given retroactive effect.
According to the further opinion in Wood v. Wood, supra, retroactive application of the article does not operate to divest a wife of a vested right. The double declaration rule did not create any substantive right in favor of the wife because the double declaration rule was not a legislative creation, but a jurisprudential one. "The decisions of state courts in Louisiana do not create or eliminate substantive rights, since this is the proper function of the legislature." Id., 424 So.2d at 1151.
The First Circuit accordingly opined that the article should have retroactive application. We reach the same conclusion for the same reasons as expressed by that court at 424 So.2d 1149-1151.
Examining the summary judgment evidence in the light of article 2340, we find that there are genuine issues of fact that remain in dispute. The depositions of the former married couple were put in evidence at the summary judgment hearing. Mr. Broussard testified that he purchased the property with his separate funds. He stated that he used money from the checking account of Bruce's 5 & 10 Stores, a separate asset. Later when shown a cancelled $6,000 check drawn on a community checking account and asked whether that was the check with which he purchased the property, Mr. Broussard stated that it possibly could have been but that the money ultimately came from his separate assets. No evidence was presented as to whether the $2,000 balance due on the mortgage note was paid with community or separate funds.
Although from the evidence presented the mineral rights purchased by Lynn Broussard appear to be community property, we cannot say as a matter of law that the property belonged to the former community. There is still a genuine issue of material fact as to whether the property was purchased with community or separate funds. The motion for summary judgment should have been resolved against the mover and in favor of a trial on the merits.
For the above reasons the summary judgment of the trial court is reversed and set aside, and the case is remanded for further proceedings consistent with this decision.
REVERSED AND REMANDED.