464 So.2d 278 (1985)
Brenda Marie Brignac TULLIER
v.
Benjamin J. TULLIER, Jr.
No. 84-C-1204.
Supreme Court of Louisiana.
February 25, 1985.
*279 William D. Grimley, Baton Rouge, for plaintiff-applicant.
Steve M. Marks, Linda Lynch, Baton Rouge, for defendant-respondent.
BLANCHE, Justice.
This suit involves the partition of a community property regime. Plaintiff, Brenda Marie Tullier and defendant, Benjamin J. Tullier, Jr. were divorced on February 7, 1980. After their divorce, plaintiff filed suit to partition the community which existed during their marriage and claimed that three tracts of immovable property acquired by her husband during their marriage were community property. The trial court found that these tracts of land were community property. The Court of Appeal *280 reversed the trial court holding that the land was the separate property of Benjamin Tullier, Jr. 450 So.2d 1016. Because this lawsuit involves important issues of community property law which this Court has not addressed, we granted writs.
The property in question was acquired by defendant from his mother, Pearl Tullier. Pearl Tullier had purchased the three lots during a period from February 21, 1951 to December 9, 1959 for a total price of $16,800.00 and these lots were her separate property. When Pearl Tullier's husband died in 1966, these tracts were included in the Succession of Benjamin J. Tullier, Sr. as a result of opposition to the succession. The heirs of Benjamin Tullier, Sr. eventually compromised their differences concerning the succession and in order to facilitate the compromise agreement, defendant agreed to pay the succession $15,000.00 in cash. These funds came from the redemption of Series E Savings Bonds held in co-ownership with his mother and which were acknowledged by her to be solely the property of her son. Although defendant signed the compromise agreement, he did not receive any consideration from the agreement in exchange for his bonds and by the terms of the compromise agreement received nothing from the succession of his father. After the succession was closed Pearl Tullier transferred the property in question by executing three "cash sales" to defendant for a total price of $14,899.00, which was approximately the value of the savings bonds. Although the deeds were entitled "cash sales", no money actually was transferred. Likewise, these "cash sales" lacked a double declaration that the property was acquired with funds belonging to defendant separately and that it was being acquired for his individual estate.
At issue in this lawsuit is the retroactive application of Louisiana Civil Code Article 2340 and the continued validity of the double declaration rule. This precise issue was recently considered in Wood v. Wood, 424 So.2d 1143 (La.App. 1st Cir.1982) and for the most part, we adopt the reasoning set forth in that opinion to find a retroactive application of the codal article.[1]
The jurisprudence interpreting now repealed Louisiana Civil Code Articles 2334 and 2402[2] had established that as to immovable *281 property conveyed to the husband for a cash consideration during the marriage, there is a presumption which may not be rebutted that the property is community property unless there is contained in the act of acquisition a double declaration that the property was acquired with funds belonging to the husband separately and that it was being acquired for his individual estate. Wood v. Wood, supra; Phillips v. Nereaux, 357 So.2d 813 (La.App. 1st Cir.1978); Thomas v. Thomas, 27 So.2d 758 (La.App.Orl.1946). While there has been much discussion as to the original purpose of the double declaration rule and as to whether it ever accomplished its desired result, the rule was nonetheless applied by the courts of this state until the enactment of Civil Code Article 2340 which legislatively eliminated the double declaration rule. Therefore, although we agree it is questionable whether the double declaration rule ever accomplished its desired goal, its relative success or failure is immaterial to our determination that Article 2340 may be applied retroactively.
Louisiana Civil Code Article 2340 provides:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
Comment (b) states that this provision was intended to suppress the requirement of a double declaration which was established by Louisiana jurisprudence. Therefore, as of January 1, 1980, which was the effective date of Article 2340, the double declaration is no longer required. However, as in the present case, numerous transactions among married persons involving immovable community property took place prior to January 1, 1980 thereby bringing into focus the question of whether Article 2340 should be applied retroactively. If Article 2340 is not applied retroactively, the property in question will be conclusively presumed to be community property. However, if Article 2340 is given retroactive application, the husband will be allowed to introduce evidence as to the separate nature of the property.
There were two separate revisions to the Code articles dealing with Matrimonial Regimes. Title VI of Book III of the Revised Civil Code entitled "Matrimonial Regimes" was initially repealed by Acts 1978, No. 627, § 6. This Act added La.R.S. 9:2831 through La.R.S. 9:2856 to the Revised Statutes. La.R.S. 9:2838 contained a paragraph with language almost identical to that recited above in Article 2340, eliminating the double declaration requirement. Wood v. Wood, supra.
Section Nine of Act 627 of 1978 provided that statutes therein enacted would take effect January 1, 1980, and would apply to the property and obligations of all spouses, regardless of when the spouses were married or the property acquired. However, Section Nine also provided that the new provisions concerning the legal regime could not be construed so as to change the characterization as separate or community of assets acquired prior to the effective date by a spouse who relied on the law in force at the time of the transaction. Thus, under the first revision the provisions of the new legal regime could not apply retroactively *282 to change the classification of property as separate or community. Wood v. Wood, supra.
The following year, Acts 1979, No. 709 repealed Acts 1978, No. 627 in its entirety and enacted a new Title VI of Book III of the Revised Civil Code, again entitled "Matrimonial Regimes" including Article 2340 as stated above. Section Thirteen of Act 709 also provided January 1, 1980 as the effective date of the new matrimonial regimes code articles. However, unlike Section Nine of Acts 1978, No. 627, no provision was made for the retroactivity of the new laws. Thus, the second revision did not preclude a retroactive application of the elimination of the double declaration requirement, as was formerly the case with the 1978 legislation. Wood v. Wood, supra.
Conclusive presumptions have been considered to be rules of substantive law rather than rules of evidence. 31 A C.J.S., Verbo "Evidence," § 115; C. Samuel, The Retroactivity Provisions of Louisiana's Equal Management Law: Interpretation and Constitutionality. 39 La.L. Rev. 347 at 400 (1979). Since the double declaration rule has been interpreted to be a conclusive presumption, it is argued by plaintiff and others[3] that the double declaration rule is a rule of substantive law. Louisiana has several other conclusive presumptions including the presumption of survival when more than one person perishes in the same event,[4] not allowing evidence of the absence or failure of consideration for a note against a holder in due course[5] and the conclusiveness of res judicata.[6] S. Dwyer, Presumptions and Burden of Proof, 21 Loy.L.Rev. 377 (1975). However, as distinguished from the double declaration rule which was purely of a judicial origin, these conclusive presumptions were enactments of the Louisiana legislature. In Louisiana, the law is the solemn expression of legislative will. La.Civ.Code art. 1. The judicial branch of government merely interprets such expressions of legislative will. The decisions of our state courts do not create or eliminate substantive rights as this is the proper function of the legislature. Wood v. Wood, supra. Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966); Carpenter v. Metropolitan Life Insurance Company, 182 La. 813, 162 So. 630 (1935); State v. Murtes, 232 La. 486, 94 So.2d 446 (1957); State v. Vallery, 212 La. 1095, 34 So.2d 329 (1948); Pfister v. St. Bernard Cypress Company, 155 La. 575, 99 So. 454 (1924). Therefore, the jurisprudentially created double declaration rule did not and could not have created any substantive right of ownership in property.
As a general rule in Louisiana, a law can proscribe only for the future. La. Civ.Code art. 8. However, laws which are not substantive but which are merely procedural or remedial will be given retroactive effect in the absence of language to the contrary. Ardoin v. Hartford Accident & Indemnity Company, 360 So.2d 1331 (La.1978); General Motors Acceptance Corporation v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). Likewise, a law cannot be applied retroactively which will impair obligations of contracts or divest or impair vested rights. Long v. Northeast Soil Conservation District of Louisiana, 226 La. 824, 77 So.2d 408 (1955); Brown v. Indemnity Insurance Company of North American, 108 So.2d 812 (La.App. 2nd Cir. 1959).
Civil Code Article 2340 establishes a presumption in favor of the community which can be rebutted by either spouse. Since this presumption is rebuttable, the article is procedural in nature and can be applied retroactively. Ardoin v. Hartford Accident & Indemnity Company, supra; *283 Wood v. Wood, supra. Since we have already concluded that the double declaration rule did not establish substantive rights, the retroactive application of Article 2340 will not divest the wife or any vested rights. Therefore, there is no bar to the retroactive application of Article 2340.
While we have concluded that there is no bar to the retroactive application of Article 2340, it has been suggested that there is no need to apply Article 2340 retroactively and that to do so would be unfair to the wife. Note, "Retroactivity of the Repeal of the Double Declaration Rule: Wood v. Wood", 44 La.L.Rev. 823 (1984). The intent of Article 2340 was to terminate the double declaration rule and to allow either spouse to prove the separate nature of property acquired during the community. Since the legislature has concluded that the better policy would permit a spouse to prove in court the true nature of property rather than to rely on the conclusive presumption fashioned by the Court, the logical application of the rule would subject all property to its rule regardless of when acquired. Neither is there any unfairness to the wife in giving retroactive affect to Article 2340. Under the double declaration rule, property that may have been truly the separate property of the husband was arbitrarily presumed to be property of the community absent the double declaration. Under Article 2340, the husband would have the opportunity to prove the separate nature of this property. While a retroactive application of Article 2340 will prevent the wife from placing property in the community that but for the double declaration rule would be classified as separate, the wife will not be deprived of any property which is in truth and fact community property. There is therefore ample reason to apply Article 2340 retroactively.
Having concluded that Article 2340 should be applied retroactively, we must determine whether defendant has proved the separate nature of the property in question. Under Article 2340, the property is presumed to be community. The party asserting the separate nature of the property acquired during the marriage has the burden of overcoming a strong presumption in favor of the community. Curtis v. Curtis, 403 So.2d 56 (La.1981). Defendant was the owner of bonds which had been set aside for him by his father and which were his separate property. These bonds were transferred to defendant's mother in order to compromise adverse succession claims. In return, Pearl Tullier transferred by "cash sale" the three tracts of land in question to defendant. At the time of these "cash sales" no money was transferred. It is arguable whether this was a true cash sale or whether this was a donation. If this was in fact a cash sale, the funds used by defendant to purchase the land were his separate property. Likewise, if this was a donation by Pearl Tullier to her son, then the land would also be the separate property of defendant. La. Civil Code art. 2341. McElwee v. McElwee, 255 So.2d 883 (La.App. 2d Cir.1971). In either case, we conclude that defendant has proved the property to be his separate property under Louisiana Civil Code Article 2341.[7]

DECREE
For the above reasons, the judgment of the Court of Appeal is affirmed.
AFFIRMED.
NOTES
[1] The Third Circuit Court of Appeal has also adopted the reasoning found in Wood. See Stone Oil Corporation v. Acadiana Consulting & Investment Company, Inc., 448 So.2d 901 (La. App. 3rd Cir.1984).
[2] Former Article 2334 reads:

The property of married persons is divided into separate and common property.
Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly. The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.
Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property.
Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared. But when the title to community property stands in the name of the wife, it cannot be leased, mortgaged or sold by the husband without the wife's written authority or consent.
Where the title to community immovable property stands in the names of both the husband and wife, it may not be leased, mortgaged or sold by the husband without the wife's written authority or consent.
Where the title to community immovable property declared to be the family home stands in the name of the husband alone it may not be leased, mortgaged or sold without the wife's written authority or consent.
The limitation on the husband described in the two immediately preceding paragraphs shall not apply where the wife has made a declaration by authentic act that her authority or consent are not required for such lease, sale or mortgage and has filed such declaration in the mortgage and conveyance records of the parish in which the property is situated.
The declaration may be general as to all such property or it may specify property to which it shall or shall not apply. If the declaration so provides, it may apply generally to property which may be acquired in the future, but a contrary declaration of withdrawal of her authority or consent by the wife may be made and recorded.
Former Article 2402 reads:
This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone; `provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.'
[3] See C. Samuel, The Retroactivity Provisions of Louisiana's Equal Management Law: Interpretation and Constitutionality, 39 La.L.Rev. 347 (1979); Note, Retroactivity of the Repeal of the Double Declaration Rule: Wood v. Wood, 44 La.L.Rev. 823 (1984).
[4] La.Civil Code arts. 936-39.
[5] La.R.S. 10:3-306; 10:3-408.
[6] La.Civil Code art. 2286; La.R.S. 15:433.
[7] Civil Code Article 2341 provides:

The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.