EDWARDS, Judge.
The only issue presented in this case is whether the property, known as the “Gret-na property,” belonged to the community of acquets and gains formerly existing between the parties.
The plaintiff-appellant, Lionel A. Bernar-di, Jr., and defendant-appellee, Mary Ann Bernardi Chesson, were married in 1958. A notarial act of cash sale between Lionel A. Bernardi, Sr., vendor, and Lionel A. Bernardi, Jr., vendee, was executed on December 1, 1959, and recorded. The property described in the sale was fifteen certain lots of ground situated in the city of Gret-na, designated by the numbers one, two, three, and thirteen through twenty-four of Square No. Twenty-Seven, Parish of Jefferson, State of Louisiana. In briefs, it is referred to by the parties as the “Gretna property.” The sale recited Mr. Bernardi’s marital status as married, but once, and then to Mary Ann Brau. The act did not contain a double declaration.
The couple separated on January 30, 1978, and divorced in 1979. A community property settlement was executed by both parties on April 4, 1978. In the settlement, Mrs. Chesson conveyed all of her rights in the Gretna property to plaintiff, Mr. Ber-nardi. On April 25, 1978, the parties entered into a second agreement. Mrs. Ches-son conveyed all of her rights in Tarpon Marine, Inc., a community corporation, to Mr. Bernardi and accepted responsibility for a community debt of $6,000.00, if the indebtedness could be proved. As consideration for these acts, Mrs. Chesson accepted a note for ELEVEN THOUSAND, FIVE HUNDRED AND NO/100 ($11,500.00) DOLLARS, duly executed by plaintiff, Mr. Bernardi, and secured by a mortgage on the Gretna property.
Subsequently, Mrs. Chesson filed suit in Jefferson Parish on the note and mortgage and obtained a judgment against plaintiff.[1] Mr. Bernardi filed suit in Terrebonne Parish to have the community property settlement set aside on the basis of lesion. His initial claim was that the Gretna property was his separate property and its value should not have been included with the community assets.
In the suit to have the agreement set aside, the defendant, Mrs. Chesson, filed an *680 exception of prescription, which was maintained. Mr. Bernardi appealed and this court reversed and remanded. Bernardi v. Chesson, 451 So.2d 145 (La.App. 1st Cir. 1984).
Before trial, the parties stipulated that the only issue before the court was whether the property had belonged to the community. Subject to the stipulation, trial was held on February 8, 1988. The trial court held for defendant, Mrs. Chesson, and Mr. Bernardi suspensively appealed.
The trial judge held that the property was community. Based on the evidence and testimony, the judge found that Mr. Bernardi had failed to rebut the presumption of community. The property had been transferred by a disguised donation to both parties.
In his reasons for judgment, the judge stated that the property had been acquired during marriage and used as a community asset. No double declaration was present in the act of sale. A counter letter signed by plaintiffs father, Mr. Bernardi, Sr., and by plaintiff, dated December 1, 1959, was introduced at trial and stated that the sale was for convenience only. The counter letter was never recorded. The judge concluded that Mr. Bernardi had shown, by his actions, that he believed the property was community when he used it as a community asset, entered into a settlement where the property was valued as a community asset, and later executed a note and a mortgage secured by the Gretna property. The judge also stated that Mrs. Chesson testified that she was told by Mr. Bernardi and his family that the property belonged to both her and her husband. It was noted that Mrs. Chesson had made payments for insurance and taxes on the property.
At trial, plaintiff, Mr. Bernardi, submitted a counter letter and asserted, in his brief to this court, that the conveyance of the property was a simulated sale. With a simulated sale, no title would have been transferred. A review of the record, however, shows that the issue of non-ownership is not before this court. The counter letter, executed in 1959, was never recorded. Mr. Bernardi testified that he believed he owned the property and, in attachments to his petition, claimed it was his separate property. He testified that no consideration was paid for the Gretna property, and it was a gift to him, individually. This view of ownership is further supported by Mr. Bernardi's execution of a note secured by a mortgage on the property. The stipu-lafcon is clear in its terms that the only issue before the trial court was whether the property belonged to the community. That same issue is the one on appeal.
Property acquired during the marriage is presumed to be community. LSA-C.C. art. 2340. See also Tullier v. Tullier, 464 So.2d 278 (La.1985). “The party asserting the separate nature of the property acquired during the marriage has the burden of overcoming a strong presumption in favor of the community.” Tullier v. Tullier, 464 So.2d at 283, citing Curtis v. Curtis, 403 So.2d 56 (La.1981). The presumption must be rebutted by clear and convincing proof. See Succession of Lyons, 452 So.2d 1161, 1165 (La. 1984); R.D.M. Corp. v. Patterson, 255 La. 301, 230 So.2d 820, 822-23 (1970).
The trial judge heard the testimony, observed the witnesses, and evaluated their creditability. Especially when there is conflicting testimony, the findings of the trial court should be given great weight and not disturbed, unless the findings are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Whether the property was acquired by sale, as shown in the public record, or by disguised donation to both parties, the result is the same. The property was acquired during the marriage and presumed to be community. Mr. Bernardi used it as a community asset to bolster the community credit and to borrow funds. He agreed to its valuation, at the time of the community settlement, as a community asset. The absence of the double declaration is not determinative of the issue, but speaks of the possible intent of the parties at the *681 time of the sale.[2] Mrs. Chesson testified that the property belonged to both spouses’. After reviewing these facts and other evidence, the trial judge found that Mr. Ber-nardi had failed to rebut the presumption of community and to show that the property was donated to him particularly. Therefore, the property belonged to the community.
We agree. A review of the record displays no manifest error, and supports the finding of the trial court. Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of defendant-appellee, Mary Ann Bernardi Chesson, is hereby affirmed. All costs of this appeal are assessed to plaintiff-appellant, Lionel A. Bernardi, Jr.
AFFIRMED.
LANIER, J., concurs in the result.

. In the suit to enforce the note, Mr. Bernardi attacked the validity of the note and mortgage, and denied perfect ownership of the property because the transfer had been a simulated sale. The trial court held that the note and mortgage were valid and Mr. Bernardi appealed in Ber-nardi v. Bernardi, 417 So.2d 382 (La.App. 4th Cir.), cert. denied, 422 So.2d 156 (La.1982). The fourth circuit found that the note and mortgage were valid and that, based on the public record, Mr. Bernardi, Sr., had transferred full ownership.

. At the time the property was acquired, property was presumed to be community unless the act contained a double declaration that asserted: (1) the property was acquired with the husband’s separate funds, and (2) the property was acquired for his individual estate.