WILLIAM A. CULPEPPER, Judge Pro Tem.
The issue in this case is whether the evidence of paraphernality overcomes the presumption that property purchased by the wife during the marriage falls into the community.
On July 17, 1990, a petition was filed by the appellees herein seeking to probate the wills of J.H. Dove, Ada Stephens Dove and Waymon Willie Dove. Contained in the petition was a request for a rule to show cause directed to Eloise Dove Graham ordering her to show cause why the property in question should not be declared to be the separate property of Ada Stephens Dove. *1266 A hearing was held on August 2, 1990. After reviewing the evidence, the trial court held the land in question to be the separate property of Ada Stephens Dove. Eloise Dove Graham appeals.
FACTS
J.H. Dove and Ada Stephens Dove were married on January 16, 1941. No children were born of that union. J.H. Dove had been previously married to Nettie Dove, who predeceased him, and they had a daughter, Eloise Dove Graham, the defendant-appellant herein.
On July 7, 1952, Ada Stephens Dove purchased a piece of property in Natchitoches Parish from Wallace S. Stephens. The cash sale deed shows the property was conveyed “unto Mrs. Ada May Stephens Dove, wife of James H. Dove ...” The act of sale was signed by Mrs. Ada May Stephens Dove. It was not signed by J.H. Dove. There was no declaration of para-phernality in the act of sale.
J.H. Dove died on June 25, 1985, leaving a Last Will and Testament dated August 13, 1965. In his will J.H. Dove stated that “the only property which I own is a lot in Vivian, Louisiana. All of the other property which I have occupied in Natchitoches Parish was acquired by my wife, Ada Stephens Dove, with her own separate, para-phernal funds which she had at the time she married me.”
Ada Stephens Dove died on March 10, 1988. She left a Last Will and Testament dated July 17, 1985 bequeathing all of her property to Waymon Dove and his wife, Bobbie Martin Dove.
Waymon Dove died on May 8, 1990. He also left a Last Will and Testament, which under its terms left his property to his children, with a usufruct being recognized in favor of the surviving spouse, Bobbie Martin Dove.
The appellees herein, Bobbie Martin Dove and her five children, filed a petition to probate the three wills. Also contained in the petition was the rule to show cause directed to Eloise Dove Graham.
LAW
C.C. art. 2340 establishes a rebuttable presumption that everything of value in the possession of a spouse during the existence of the regime of community of acquets and gains is community property. J.H. Dove and Ada Stephens were married in 1941. The property in question was purchased in 1952. Clearly there is a presumption the property is community. The issue is whether the appellees rebutted this presumption.
When it was enacted in 1979 as part of the revision of the matrimonial regimes law, art. 2340 suppressed the requirement of a double declaration established by Louisiana jurisprudence. Art. 2340 has been held by Louisiana courts to apply retroactively. Wood v. Wood, 424 So.2d 1143 (La. App. 1 Cir.1982); Stone Oil Corp. v. Acadiana Consulting & Investment Co., Inc., 448 So.2d 901 (La.App. 3 Cir.1984); Tullier v. Tullier, 464 So.2d 278 (La.1985). So the absence of a double declaration in an act of sale is no longer presumptive evidence that property is community.
Furthermore, even before the requirement of a double declaration was legislatively removed, it was held that when a married woman buys property in her own name, failure to make a recitation of para-phernality in the deed is not fatal. Prince v. Hopson, 230 La. 575, 89 So.2d 128 (1956). However, the presumption of community continues until conclusive' proof is made, of separate ownership. R.D.M. Corporation v. Patterson, 255 La. 301, 230 So.2d 820 (1970).
It becomes then a question of sufficiency of the evidence before the trial court. It should be noted that the purchase of the property in question occurred nearly forty years ago, and proof was probably difficult to obtain. Louisiana courts have held that when evaluating the evidence, some allowance must be made where the purchase occurred many years before the instant suit was instituted. Southwest Natural Production Co. v. Anderson, 239 La. 490, 118 So.2d 897 (1960).
The trial court in the case at bar felt the Last Will and Testament of J.H. Dove and *1267 the deed by which the property in question was acquired were sufficient proof to declare the property separate and parapher-nal. After considering the evidence we cannot say the trial judge was clearly wrong in holding that the land was the separate property of Ada Stephens Dove.
The judgment of the trial court is affirmed at the cost of appellant.
AFFIRMED.