601 So.2d 20 (1992)
Larry P. LEGER
v.
LOUISIANA STATE UNIVERSITY.
No. 91 CA 0538.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Floyd Falcon, Jr., Baton Rouge, for plaintiff-appellant Larry Leger.
William A. Norfolk, Baton Rouge, for defendant-appellee Louisiana State University.
Before SHORTESS, LANIER and CRAIN, JJ.
*21 CRAIN, Judge.
Larry Leger is employed in a classified position with the State Civil Service System. He is employed by Louisiana State University (LSU). Leger alleges that as part of his employment agreement, in addition to his salary, LSU agreed to provide him with free housing and utilities. LSU subsequently ordered Leger to vacate the house that previously had been provided to him and failed to furnish him other suitable housing. Leger instituted this action in civil district court against LSU for breach of employment contract.
LSU filed the declinatory exception raising the objection of lack of subject matter jurisdiction, contending that this action rests exclusively with the State Civil Service Commission. The trial court sustained the exception dismissing the action without prejudice. From this judgment LSU appeals. The sole issue on appeal is whether the State Civil Service Commission (Commission) has exclusive original jurisdiction in this matter.
Leger contends that the Commission has not exercised its rule-making authority in the area of "employer-employee relationships dealing with emoluments or housing and utility supplements to base Civil Service Pay."
Pursuant to La. Const. art. 10, Sec. 10 the Commission has the authority to administer and regulate matters such as compensation and reductions in pay. The Commission has exclusive jurisdiction in areas where the Commission has exercised its broad rule-making powers. Strickland v. State, Office of the Governor, 525 So.2d 740 (La.App. 1st Cir.1988). The Commission has adopted a pay plan as evidenced by Chapter 6 of the Civil Service Rules. Plaintiff's compensation is governed by this pay plan. Thus, the Commission has exclusive original jurisdiction to hear this complaint. Accordingly, the judgment of the trial court is affirmed. Costs are assessed against Leger.
AFFIRMED.