PITCHER, Judge.
Plaintiff, Asia Jane Harvey, filed a petition to dissolve a mineral lease for failure to comply with its obligations against the defendant, Amoco Production Company (“Amoco”). The trial court granted summary judgment in favor of Amoco, finding that all property acquired during a marriage is presumed to be community property, and therefore, a third party could rely on this presumption in leasing property from a spouse. We reverse.
FACTS
By Act of Cash Sale dated June 20, 1951, plaintiff acquired from Willie Jackson a one-tenth (Vio) undivided interest in a piece of property. In this Cash Sale, plaintiff, along with the other purchasers of the property, declared as follows:
... all of said parties purchasing herein with their separate paraphernal funds, under their separate management and control and for their separate estate ...
At the time of this purchase, plaintiff was married to Clarence Harris, but Harris did not sign the deed acknowledging the paraphernality of the property. They were subsequently divorced in 1961.[1]
On August 20, 1977, plaintiff and the other co-owners of this property granted to Amoco an oil, gas, and mineral lease, duly filed in the office of the Clerk and Recorder for the Parish of East Baton Rouge, Louisiana.
On January 23, 1979, Clarence Harris executed a mineral lease of his purported interest in this same immovable property. On March 13, 1979, Mr. Harris sold his mineral interest to Robert Scott Davis. On April 7, 1986, Mr. Davis and his wife, Mar-thalee Mannear Davis, sold their interest to Petrotrac, Inc. On April 8, 1986, Petrotrac, Inc. sold its interest to Edna J. Assel, Edna A. Carden, C.T. Carden, Joan A. Baldo, Edward F. Baldo, Jr., Allen J. Assel, and Sylvia W. Assel.[2]
In 1990, plaintiff, by letter, informed Amoco that all of the royalties due pursuant to the terms of the oil, gas, and mineral lease were not being paid. Amoco did not respond favorably to these demands. On November 27, 1990, plaintiff filed this suit, requesting the dissolution of the mineral lease because of Amoco’s failure to comply with its obligations. In the alternative, plaintiff alleged that she was entitled to an accounting and payment for all royalties due, plus double damages, legal interest, and attorney’s fees.
*403 Thereafter, Amoco filed a motion for summary judgment, asserting that because the Act of Cash Sale from Willie Jackson to plaintiff (and others) was entered into while plaintiff and Clarence Harris were married, the property is presumed to belong to the community of acquets and gains which existed between them. Amoco further asserted that the recital of separateness in the Act of Cash Sale does not overcome the presumption that the property became the community property of plaintiff and Clarence Harris. Thus, Amoco alleged that it correctly relied upon this presumption when it entered into the mineral lease with Clarence Harris. Amoco also asserted that Clarence Harris’ successors in title were correct in relying upon the presumption that the property was within the community of acquets and gains between plaintiff and Clarence Harris.
The trial court granted Amoco’s motion for summary judgment, finding that property purchased during the existence of the community, whether in the name of the husband or the wife, is presumed to be community property. The trial court further noted that the wife who claims property as her separate and paraphernal property has the burden of proving that she had a separate estate under her separate administration and control, and that the property was acquired with money or property belonging to her estate.
Finally, the trial court stated that there had been nothing done is these proceedings to put anyone on notice that Clarence Harris did not own an undivided one-half interest in the community that existed between him and the plaintiff.
This judgment was rendered in favor of Amoco and against plaintiff on January 24, 1992, and signed on February 3, 1992. The trial court, pursuant to a request by plaintiff, gave written reasons for judgment on January 24, 1992. From this adverse judgment, plaintiff now appeals.
SUMMARY JUDGMENT
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193, 1194 (La.App. 5th Cir.), writ denied, 457 So.2d 11 (La.1984); Landry v. Brandy, 389 So.2d 93, 95 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257, 1258 (La.App. 4th Cir.), writ denied, 393 So.2d 738 (La.1980). The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir.1985); Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058, 1063 (La.App. 1st Cir.1983).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014, 1015 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
COMMUNITY PROPERTY
The jurisprudence has always recognized that there is a presumption that property obtained during a marriage is community property. Tullier v. Tullier, 464 So.2d 278, 280-281 (La.1985). This presumption was legislatively recognized by the enactment of LSA-C.C. art. 2340, which provides:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
This article establishes a presumption in favor of the community which can be rebutted by either spouse. Since this presumption is rebuttable, the article is proce *404 dural in nature and can be applied retroactively. Tullier, 464 So.2d at 282; Wood v. Wood, 424 So.2d 1143, 1151 (La.App. 1st Cir.1982).
The jurisprudence interpreting now repealed LSA-C.C. arts. 2334 and 2402[3] had established that as to immovable property conveyed to the husband for a cash consideration, there is a presumption which may not be rebutted that the property is community property unless there is contained in the act of acquisition a double declaration that the property was acquired with funds belonging to the husband separately and that it was being acquired for his individual estate. Tullier, 464 So.2d at 280-281.
However, the wife was not required to make such a “double declaration”. This distinction was explained in Succession of Burke, 107 La. 82, 31 So. 391, 392 (La.1902):
When, during marriage, a wife buys property with her separate paraphernal funds, intending the purchase to be an investment of such funds, it is not essential that the act of purchase should recite the fact that she is buying with her separate funds under her own administration, and for her sole account, and not that of the community, though it is advisable always that such declaration be made in the deed_ It suffices to put creditors and others on guard that the title is taken in her name, and, when put to the test, if she proves dehors the act that the funds used were her separate funds, the source whence derived, that the same were under her separate administration, and were used in the purchase as an investment for her separate account, her title will be maintained. The presumption of law, however, is that property bought during marriage in the name of either spouse falls *405 into the community. This is elementary. But when the husband, during marriage, buys property in his name, intending it as an investment of his separate funds, to be held for his individual account, and not that of the community, it is essential that some indication of this intention, and of the character of the funds used, be given in the act of purchase. (Emphasis Added).
Succession of Burke, 31 So. at 392.
In the instant case, the Act of Cash Sale had a “double declaration” made by plaintiff, although not signed by Clarence Harris. This declaration placed the public on notice that this property was possibly plaintiffs separate property and that Clarence Harris may not own an undivided one-half interest in this property. Amoco and any successors in title could not solely rely on the rebuttable presumption that property acquired during this marriage belonged to the community of acquets and gains when the Act of Cash Sale clearly indicated otherwise. The trial court erred in finding that there was nothing in the proceedings to put anyone on notice that Clarence Harris did not own an undivided one-half interest in this property.
CONCLUSION
For the above reasons, the judgment of the trial court, granting Amoco’s motion for summary judgment, is reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Amoco is cast for all costs.
REVERSED AND REMANDED.

. The petition for divorce was filed on or about August 10, 1961 under suit number 6805 in the Family Court for the Parish of East Baton Rouge. This petition alleged, in paragraph 3, that "... no property was acquired during the marriage between petitioner and her said husband.” Judgment was rendered on September 12, 1961. The record reflects that this judgment was not recorded.

. Amoco filed an exception raising the objection of nonjoinder of indispensable or necessary parties, alleging that Clarence Harris and his successors in title should be joined as defendants. On March 5, 1991, the trial court rendered judgment, granting this exception and found that Clarence Harris' successors in title, Edna J. As-sel, Edna A. Carden, C.T. Carden, Joan A. Baldo, Edward F. Baldo, Jr., Sylvia W. Assel, and Allen J. Assel were indispensable parties and were to be made party defendants. Plaintiff subsequently amended her petition to add these defendants as parties to this suit.

. Former Article 2334 reads:
The property of married persons is divided into separate and common property.
Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.
The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.
Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property.
Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared. But when the title to community property stands in the name of the wife, it cannot be leased, mortgaged or sold by the husband without her written consent.
Where title to community immovable property stands in the names of both the husband and wife, it may not be leased, mortgaged or sold by the husband without the wife's written authority or consent.
Where the title to community immovable property declared to be the family home stands in the name of the husband alone it may not be leased, mortgaged or sold without the wife’s written authority or consent.
The limitation on the husband described in the two immediately preceding paragraphs shall not apply where the wife has made a declaration by authentic act that her authority or consent are not required for such lease, sale or mortgage and has filed such declaration in the mortgage and conveyance records of the parish in which the property is situated.
The declaration may be general as to all such property or it may specify property to which it shall or shall not apply. If the declaration so provides, it may apply generally to property which may be acquired in the future, but a contrary declaration of withdrawal of her authority or consent by the wife may be made and recorded.
Former Article 2402 reads:
This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone; ‘provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws’.