GUIDRY, J.
The State Civil Service Commission (Commission) appeals a judgment by the trial court declaring that the Louisiana State Legislature has the authority to grant pay supplements in favor of a select group of state classified employees, the harbor police of the Port of New Orleans, in derogation of the uniform pay plan established under Chapter 6 of State Civil Service Rules. For the following reasons, we reverse and render.
FACTS AND PROCEDURAL HISTORY
On the ballot of the October 1999 election was a proposed constitutional amendment, which would have modified La. Const, art. X, § 10(A)(1) to add a new subsection that would have provided:
(b) Nothing herein - shall prevent the legislature from supplementing police department uniform pay plans from any available funds of the state, the department, the agency, or the political subdivision, provided that such supplement may be made available only for sworn, commissioned law enforcement officers employed on a full-time basis by such police department who serve the welfare of the public, in their capacity as police officers, by providing police services to the general public, by effecting arrests, issuing citations, and serving warrants while patrolling levees, bridges, waterways, and riverfronts.
However, the proposed amendment failed at the polls and did not become law. In the meantime, the state legislature passed Acts 1999, Nos. 1305 and 1375, which added paragraph (A)(2)(a) to La. R.S. 33:2218.2 that provides:
(2)(a) Every sworn, commissioned law enforcement officer employed on a full-time basis by a bona fide police agency of the state or its political subdivisions, other than the Department of Public Safety and Corrections and the Department of Wildlife and Fisheries, and headquartered in a municipality with a population in excess of four hundred .fifty thousand, and who serves the welfare of the public in the capacity of a police officer by providing police services to the general public through effecting arrests, issuing citations, serving warrants, patrolling levees, waterways, and riverfront areas or while patrolling' bridges that are within the boundaries of a municipality with a population in excess of four hundred fifty thousand shall be paid by the state extra compensation in the amount of three hundred dollars per month in addition to the compensation *605 now paid to him by his employer out of self-generated revenue attributable to the agency | ¿employing such officers. To be eligible for the extra compensation, each such law enforcement officer shall have completed one year of service, and any such law enforcement officer hired after March 31, 1986, shall also have completed and passed a council-certified training program, as provided in R.S. 40:2405.
The passage of the aforementioned legislation was not linked to the passage of the failed amendment to La. Const. X, § 10(A)(1), although the proposed amendment would have specifically given the state legislature authority to pass La. R.S. 33:2218.2(A)(2)(a), had the amendment been adopted. The state legislature, nonetheless, enacted La. R.S. 33:2218.2(A)(2)(a). Thereafter, the law enforcement officers whose pay would be supplemented thereby, namely the harbor police for the Port of New Orleans, sought an increase in their pay pursuant thereto. The actions of the state legislature and the Port of New Orleans harbor police thus prompted the Commission to file suit against the harbor police and the director of the Department of Public Safety seeking injunctive and declaratory relief.
A hearing on the relief requested in the petition was held on June 3, 2002. After hearing the arguments of counsel and receiving a joint exhibit consisting of the written stipulations of the parties and a copy of Civil Service Rules, the trial court declared La. R.S. 33:2218.2 to be constitutional, denied the Commission’s request for injunctive relief, and dismissed the defendants’ exceptions raising the objections of no cause of action, no right of action, and lack of standing as moot. The trial court signed a written judgment to this effect on July 24, 2002. The Commission devolutively appeals the judgment, asserting as its sole assignment of error, the trial court’s failure to find La. R.S. 33:2218.2(A)(2)(a) unconstitutional.
DISCUSSION
As a preliminary matter, we note that on November 5, 2002, a constitutional amendment was passed whereby La. Const, art. VII, § 11(A) was amended and La. Const. art. VII, § 10(D)(3) was added expressly granting the legislature power to provide supplemental pay to law enforcement officers in the manner expressed in La. R.S. 33:2218.2(A)(2)(a). However, the effective date of that amendment is July 1, 2003. Thus, the matter before us is not rendered moot, and we will consider the issues raised in the Commission’s appeal.
Louisiana Constitution article X, § 10(A)(1) provides that the power and authority to regulate the compensation of employees in state classified service is vested in the Commission. The parties to this matter have stipulated that the employees whose salaries are at issue, the harbor police for the Port of New Orleans, are state classified employees. Thus, by a plain reading of the state constitution, the power to regulate the compensation of such employees has been vested in the Commission, and the provisions of La. R.S. 33:2218.2(A)(2)(a) are expressly in derogation of that authority relative to the aforementioned employees.
Nevertheless, the defendants argue that because La. Const, art. X, § 10(A)(1) does not state that the power vested in the Commission is exclusive, the state legislature was not precluded from enacting the statute in question. This court has interpreted the Commission’s power, as delineated under Article X, to be exclusive in areas where the Commission has exercised its broad rule-making powers. Leger v. Louisiana State University, *606 601 So.2d 20, 21 (La.App. 1st Cir.1992); Strickland v. State, Office of the Governor, 525 So.2d 740, 743 (La.App. 1st Cir.1988). The state supreme court has similarly held that a city civil service commission has the exclusive power to adopt rules regulating the classified service in the areas specifically enumerated in La. Const. Art. X, § 10(A)(1) and that a city governing authority cannot constitutionally infringe on the commission’s exercise of this power. See Lafleur v. City of New Orleans, 01-3224, p. 4 (La.12/4/02), 831 So.2d 941, 943-944. Thus, it is clear that the courts of this state interpret the power granted commissions under La. Const. Art. X, § 10(A)(1), whether state or city, as exclusive with regard to the enumerated areas specified | fitherein. Furthermore, the state supreme court is the final arbiter of the meaning of the state constitution and laws.
It has long been established that “[i]t is emphatically the province and duty of the judicial department to say what the law is.” Marbury v. Madison, 1 Cranch 137, 177, 5 U.S. 137, 2 L.Ed. 60, 73 (1803). While it is undeniably true that “[t]he decisions of our state courts do not create or eliminate substantive rights as this is the proper function of the legislature,” Tullier v. Tullier, 464 So.2d 278, 282 (La.1985), when this court interprets legislative acts, it is giving meaning in particular cases to what the legislature has enacted as law; it is saying what the law is.
Bourgeois v. A.P. Green Industries, Inc., 00-1528, p. 11 (La.4/3/01), 783 So.2d 1251, 1260. (Emphasis added.) Thus, we are not persuaded by the defendants’ arguments that the state legislature could enact La. R.S. 33:2218.2(A)(2)(a) because La. Const. Art. X, § 10(A)(1) does not expressly use the word “exclusive” when delineating the powers exercised by the Commission.
In so finding, we must conclude that the trial court erred in finding that La. R.S. 33:2218.2(A)(2)(a) is constitutional since, by providing that the specified law enforcement officers shall be paid “extra compensation in the amount of three hundred dollars per month,” it is clearly in derogation of the uniform pay plan for employees in classified service established by the Commission.
We also are not persuaded by the defendants’ argument that La. R.S. 33:2218.2(A)(2)(a) is a constitutional exercise of the legislature’s plenary power to enact legislation under La. Const, art. VI, § 14, the “minimum wage” law. That article provides, in pertinent part,
(A) No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and lycollect such revenue and only to the extent and amount of such revenue. This Section shall not apply to a school board.
(B) This Section shall not apply to:
[[Image here]]
(5) A law providing for civil service, minimum wages, hours, working conditions, and pension and retirement benefits, or vacation or sick leave benefits for firemen and municipal policemen. [Emphasis added.]
*607 The case relied on by the defendants as authority that the requirements of La. Const, art. X, § 10(A)(1) can be circumvented by legislative action pursuant to La. Const, art. VI, § 14 is New Orleans Firefighters Association v. Civil Service Commission of City of New Orleans, 422 So.2d 402 (La.1982). We find that case clearly distinguishable and thus inapplicable to the matter before us.
In that case, the legislation providing for the calculation of pay owed to firefighters, who fell under the classified service regulated by the city civil service commission, was exempted from the exclusive jurisdiction of the city civil service commission by the express provision of La. Const, art. VI, § 14(B)(5). Thus, pursuant to La. Const, art. VI, § 14(B)(5), the court held that “the commission is ordered to revise its uniform pay plan in accordance with [La. R.S. 33:1991, et seq. and La. R.S. 33:2001, et seq.]” for firemen. New Orleans Firefighters Association, 422 So.2d at 414-415. (Emphasis added.) There is no corresponding constitutional provision excepting the harbor police in state classified service from the exclusive jurisdiction of the Commission in the case before us.
Neither do we find La. R.S. 33:2218.2(A)(2)(a) to be a reasonable exercise of the legislature’s authority to enact legislation pursuant to its police power. The legislature’s right to exercise police power may not be irrevocably alienated, surrendered, or abridged. Merritt McDonald Construction, Inc. v. Parish of East Baton Rouge, 98-1032, p. 6 (La.App. 1st Cir.5/14/99), 742 So.2d 564, 568, unit denied, 99-3195 (La.1/14/00), 753 So.2d 218. However, the courts have a responsibility to review legislation enacted pursuant to the legislature’s police power to determine whether the exercise of such authority is reasonable. In reviewing such legislation, courts should not rely on mere assertions by the legislature that the action taken is pursuant to its police power. New Orleans Campaign for a Living Wage v. City of New Orleans, 02-0991, pp. 12-13 (La.9/4/02), 825 So.2d 1098, 1106-1107.
The police power of the state is generally definable only by the facts and circumstances on a case-by-case basis; however, it has been described as the state’s inherent power to govern persons and things, within constitutional limits, for the promotion of general health, safety, welfare, and morals. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 11 (La.3/2/99) 739 So.2d 748, 757.
Other than the general assertion in brief that “[i]n the era of domestic terrorism by foreign enemies, there is every reason to uphold a statute which awards supplemental pay to Harbor Police who guard a vital facility,” the defendants present no other documented basis for why the passage of La. R.S. 33:2218.2(A)(2)(a) is a reasonable exercise of the legislature’s police power. The defendants presented no empirical data or other documentation to prove that the legislation was passed in response to heightened security needs in the area of the Port of New Orleans, nor has it been shown that due to the lack of sufficient compensation, there has been an inability to maintain a sufficient, active police force to patrol the Port of New Orleans. Rather, the defendants’ assertion in brief appears to be a blatant attempt to bootstrap the traumatic events of recent years to the otherwise unconstitutional action of the legislature in enacting legislation in derogation of the authority of the Commission, as pronounced in La. Const, art. X, § 10(A)(1). It is noted that La. R.S. 33:2218.2(A)(2)(a) became effective on July 1, 1999, more than two years prior to the tragic events of September 11, 2001. | nThus, we find no merit in the defendants’ *608 claim that the enactment of La. R.S. 33:2218.2(A)(2)(a) was a reasonable exercise of the legislature’s police power.
Accordingly, we find La. R.S. 33:2218.2(A)(2)(a) to be unconstitutional and clearly violative of the exclusive power granted the Commission under La. Const, art. X, § 10(A)(1).
CONCLUSION
Therefore, based on the foregoing discussion, we find that the trial court erred in finding that La. R.S. 33:2218.2(A)(2)(a) does not violate the exclusive authority of the Commission to regulate the compensation of employees in classified service under La. Const, art. X, § 10(A)(1). Finding that La. R.S. 33:2218.2(A)(2)(a) does violate La. Const, art. X, § 10(A)(1), we reverse the judgment of the trial court to declare the statute unconstitutional and to grant the Commission the injunctive relief requested. Costs of this appeal in the amount of $6,883.32 are assessed to the defendants.
REVERSED AND RENDERED.