ARMSTRONG, Judge.
This is a suit for the marital portion. There are also ancillary issues involving the donation of some bearer bonds and the remittance of a promissory note.
On February 13, 1978 J. Percy Monroe and Dulcie Stevenson executed a marriage contract renouncing the community property regime and declaring their property to be seperate. On that same day, subsequent to the execution of the marriage contract, Mr. Monroe and Mrs. Stevenson were married. That marriage continued until Mr. Monroe died on February 9, 1982.
Prior to his marriage to Ms. Stevenson, J. Percy Monroe had been married and had three children from that marriage: J. Percy Monroe, Jr., Marjorie Monroe Colomb, and Robert J. Monroe.
At the time of her husband’s death Mrs. Monroe had assets valued at $60,894.84, most of which were gifts from her deceased husband. As her husband’s beneficiary Mrs. Monroe also received $10,811.00 in insurance proceeds and Social Security death benefits.
The decedent's estate has been valued at $630,169.13.
Mrs. Monroe filed suit for the marital portion against the executor of her husband’s estate and Mr. Monroe’s three children, who are the residuary legatees of the estate.
*337 The parties stipulated to the facts, and the matter was submitted to the trial court on memoranda. The trial court concluded that Mrs. Monroe is entitled to the marital portion. In its judgment the trial court stated, “the court is of the opinion that Mrs. Dulcie S. Monroe is entitled to the marital fourth, in usufruct, and that in computing the marital fourth she must give credit for assets which she had at the time of her late husband’s death and for payments received by her as a result of his death.”
Defendants, the Monroe children, appeal from that decision. Appellants claim that the trial court erred in concluding that Mrs. Monroe is entitled to the marital portion. Mrs. Monroe also appeals from the trial court’s judgment. She claims that the trial court erred in concluding that she must deduct the value of her assets from the amount she is to receive as the marital portion.
LSA-C.C. art. 2432 states, “[w]hen a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.” Comment (c) to that article states as follows:
(c) According to Article 2382 of the Louisiana Civil Code of 1870, recovery of the marital portion depends on the conditions that the deceased spouse dies “rich” and the survivor is left in “necessitous circumstances.” These conditions are relative; their fulfillment depends on a comparison of the patrimonial assets of the deceased with those of the survivor ... “ ‘Rich’, as heretofore noted, is a relative term. Property which would make a person in one walk of life rich would be inadequate to supply the wants of one in another condition of life”; ... While no concrete test has ever been devised by Louisiana courts, the survivor will ordinarily be awarded the marital portion when the comparison of patrimonial assets show a ratio of five to one or more ... Whether the survivor is left in necessitous circumstances or not is determined as of the time of dissolution of marriage by death. Future earning capacity of the survivor and support he may expect from grown up children are not patrimonial assets; accordingly, these items are not taken into account in determining the financial situation of the survivor_(citations omitted).
At the time of her husband’s death Mrs. Monroe had undisputed assets of $60,-894.85 and her husband’s estate was valued at $630,169.13. Appellants claim that Mr. Monroe did not die rich in comparison to his wife, and therefore she is not entitled to the marital portion.
We disagree with appellants. Mr. Monroe’s estate is valued at ten times the value of his wife’s assets. In our opinion Mr. Monroe died rich in comparison to his wife.
Appellees assert however that in computing the marital portion the trial court must deduct the value of the assets which Mrs. Monroe possessed at the time of her death from the marital portion.
The trial court agreed with appellants and held that Mrs. Monroe must give credit for assets she had at the time of her late husband’s death. In its reasons for judgment the trial court stated as follows:
The Supreme Court in Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287 (1899), specifically addressed the question whether the wife must collate or adjust for the value of her property in computing the marital fourth and concluded that she must. The court held:
“If the husband dies owning considerable property, and leaves his wife in necessitous circumstances, she is entitled to the marital fourth in usufruct, but any legacy left to her by her husband, or means for her support provided for her by him, amounting to less than one-fourth of his estate, must be deducted from the amount left to his widow in usufruct.”
The court further observes that if the calculation of the marital fourth is not made in accordance with Dupuy v. Dupuy, the surviving spouse would receive *338 more than a child and this is contrary to the marital fourth concept. See Article 2434 which reduces the marital portion to a child’s share if there are more than three children, and Succession of Derouen, 10 La.Ann. 675.
We note that the quotation which the trial court uses is from the syllabus of the Dupuy case. Furthermore, we think that the trial court’s reliance on Dupuy and Derouen is misplaced.
In Dupuy, the husband died leaving his wife $1,800.00 in insurance proceeds. The decedent’s estate was valued at $13,000. The widow filed suit for the marital portion.
On rehearing the Louisiana Supreme Court relied on the Derouen case and held that the insurance money “was secured by the husband, who chose to make his wife the beneficiary of a policy on his life. We think that the amount should be considered in fixing the amount of the wife’s marital fourth ...” Dupuy, 27 So. at 289. The court in Dupuy then went on to hold that the wife had to deduct the $1,800 in insurance proceeds in computing the marital fourth. It is important to note that the “means for her support” cited in the syllabus was actually an insurance policy.
The instant case is distinguishable from Dupuy because the assets, which are at issue here are not insurance proceeds. Currently insurance proceeds are deductible under LSA-C.C. Art. 2435.
In Derouen, the wife died leaving an estate valued at $21,282.33. Her husband’s share of the community was $3,000. The husband filed suit for his marital portion which would have been a child’s share since the decedent had eight children.
The court found that the husband was not entitled to the marital portion, stating as follows:
But Bourriaque (the husband) had already a full child’s portion in absolute ownership, as his interest in the marriage community. To give him more, would be to impoverish his children and stepchildren for his benefit, contrary to the policy of the law, which is, not to disturb the order of inheritance, but, in certain cases, to count a surviving spouse as one of the children of the deceased spouse. An evidence of that intention is found in the concluding clause of the Art. 2359, which obliges the surviving needy spouse to collate a legacy of the wealthy spouse predeceased. By parity of reason, the spouse should collate his interest in the community. In the application of the law in relation to the marital portion, the means possessed by the needy spouse are always to be *taken into account. See Succession of Fortier, 3 An., 105; Gregorio Lopez, Commentary on Law 7, tit. 13 of the 16th Partida.
The instant case is also distinguishable from Derouen. The court in Derouen equated the husband’s share of the community property with a legacy. Legacies must be deducted from the marital portion. LSA-C.C. Art. 2435. There is no community property in this case. Hence there is no basis for requiring Mrs. Monroe to deduct the value of her assets from the marital portion.
The $60,894.88 which Mrs. Monroe received in inter vivos gifts are neither a legacy nor a payment. Furthermore those gifts cannot be equated to insurance proceeds or community property. We are therefore of the opinion that Mrs. Monroe’s assets should not be deducted from the marital portion.
The parties also ask this court to resolve disputes over the ownership of some Harrison County, Mississippi pollution control bonds and the questioned remittance of a promissory note executed by Robert J. Monroe in favor of the decedent. However, a review of the records reveal that the trial court issued no judgment concerning those issues, and specifically stated in its judgment that “[t]he executor is directed to prepare and file a revised accounting in keeping with this judgment, and the rights of the parties to oppose the account as to specific computation are reserved until the filing of the account and tableau of distribution.” Until the trial court renders *339 judgment on these issues they are not ap-pealable. LSA-C.Civ.Pro. Art. 2083.
For the foregoing reasons the judgment of the trial court is reversed and this case is remanded for further proceedings in accord with this opinion.
REVERSED AND REMANDED.
PRESTON H. HUFFT, J. Pro Tern, concurs.