699 So.2d 1134 (1997)
Bernadine Sept NOIL
v.
Larry William NOIL.
No. 96CA2167.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
*1135 Stevens J. White, Baton Rouge, for Plaintiff-Appellee Bernadine Sept Noil.
Donald Cazayoux, Jr., New Roads, for Defendant-Appellant Larry William Noil.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
The issue presented in this dispute is whether a home purchased in the names of both spouses during the existence of the marital community with prize money awarded to a spouse individually should be classified as a community asset. From a judgment declaring the home to be the separate property of the plaintiff, defendant now appeals.

FACTS
On September 12, 1994, Bernadine Sept Noil (hereafter, "Ms.Noil"), was granted an uncontested divorce from her husband, Larry William Noil (hereafter, "Mr.Noil"). Through a petition filed on January 4, 1995, Ms. Noil sought to partition the remaining assets of the former community. A detailed descriptive list filed together therewith listed the family home as the separate property of Ms. Noil. In his subsequent answer, Mr. Noil disputed his ex-wife's classification of the home as separate property.
At the trial of this matter, the trial court was presented with issues relating to the classification of the family home, as well as a claim for reimbursement by Mr. Noil based upon his payment of a community debt. The trial court took the matter under advisement, and without written or oral reasons, later ruled in favor of Ms. Noil on both issues. Mr. Noil now appeals from the trial court's determination that the family residence is the separate property of Ms. Noil.

ASSIGNMENT OF ERROR
The sole issue presented for our review is whether the trial court erred in its determination that the family home was the separate property of Ms. Noil.

APPLICABLE LAW
Under Louisiana law, property is characterized as either community or separate. La. Civ.Code art. 2335. Property acquired during the existence of the community is presumed to be community, but either spouse may rebut the presumption and prove the separate nature of said property. La. Civ.Code art. 2340. The classification of property as separate or community is fixed at the time of its acquisition. Smith v. Smith, 95-0913 (La.App. 1st Cir. 12/20/96), 685 So.2d 649.
Pursuant to La. Civ.Code art. 2338, community property is comprised of:

*1136 property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
Conversely, La. Civ.Code art. 2341 provides, in pertinent part, that a person's separate estate is comprised of:
property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.

DISCUSSION
At trial, Ms. Noil testified that the residence in question was purchased in January of 1991 during which time she was married to Mr. Noil.[1] Ms. Noil urged that while the sale documents reflect the names of both she and Mr. Noil, the home should, nevertheless, be considered her separate property inasmuch as it was acquired with a portion of the prize money awarded to her as the winner of a sweepstakes.
According to the testimony of Ms. Noil, she entered a sweepstakes contest in November of 1990, by filling out and sending in a "word search puzzle" which appeared in the Baton Rouge Sunday Advocate newspaper. She was later notified that she had won and was awarded a check in the amount of $25,000.00.[2] Upon receipt of the prize money, Ms. Noil testified that she deposited the check into the joint checking account she held with Mr. Noil. Thereafter, Ms. Noil stated that she purchased the house in question for the sum of $5,000.00. Ms. Noil claimed that because she was married, the act of sale reflected her husband's name in addition to her own.
Due to the small size of the house, Ms. Noil testified that she and her husband used "a lot of the sweepstakes money to add on to the house." In order to complete the remodeling job, she and her husband borrowed an additional $6,712.73 from People's Bank and pledged the house as security. Ms. Noil testified that when her husband left in June of 1994, she continued, with some assistance from him, to pay the household bills, a car note, and the mortgage on the house of $155.91 a month. Ms. Noil subsequently paid off the $2,545.87 balance owed on the mortgage with her portion of the proceeds from her husband's retirement and worker's compensation settlement.
Generally, the party asserting the separate nature of property acquired during marriage has the burden of overcoming the presumption of community established in La. Civ.Code art. 2340. Albert v. Albert, 625 So.2d 765 (La.App. 1st Cir.1993). In the instant case, Ms. Noil contends that the house should be considered her separate property inasmuch as funds derived from her sweepstakes prize money were used to purchase and remodel the home. It is undisputed that the parties were married at the time the house was purchased, and based upon the testimony of Ms. Noil, the names of both parties appear on the act of sale.
*1137 Professors Katherine Spaht and Lee Hargrave point out however, in their work, Matrimonial Regimes, 16 Louisiana Civil Law Treatise, § 3.41 (1989), that "[c]lassification of an asset as separate or community, whether the asset is movable or immovable, is not determined by the name on documents of title. Classification depends on the time of acquisition, the character of the transaction, and the source of funds." (Footnotes omitted). A copy of the act of sale was not introduced or filed into the record; however, it seems abundantly clear that the sale did not contain a declaration by Mr. Noil acknowledging that the house was the separate property of Ms. Noil. For this reason, we must look to the source of the funds used for the acquisition of the home in order to determine its classification as a separate or community asset.
It is undisputed that the source of the funds used to acquire and remodel the home came from Ms. Noil's sweepstakes prize money; however, the classification of a spouse's lottery or sweepstakes winnings appears to be a res nova issue in Louisiana. It is clear that Ms. Noil entered the sweepstakes on her own initiative during her marriage, and that the prize money was subsequently awarded to her during marriage. Ms. Noil's winnings were awarded as a result of her own skill and effort in correctly finding the hidden words, and thereafter mailing her entry for submission into the sweepstakes. Inasmuch as the legislature has not specifically amended La. Civ.Code art. 2341 to provide that winnings of this nature are the separate property of the spouse to whom they are awarded, they must be classified as community property.
The judgment of the trial court is accordingly reversed to the extent it classifies the family home as the separate property of the plaintiff, Bernadine Sept Noil.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is reversed insofar as it classifies the family home as the separate property of plaintiff, Bernadine Sept Noil, and the same is declared community property.
This matter is remanded to determine any amount which Ms. Noil may be entitled to in paying off the loan on the family home. All costs associated with this appeal shall be shared equally by the parties.
REVERSED AND RENDERED IN PART AND REMANDED.
NOTES
[1] The record reflects that the parties were married on July 8, 1978.
[2] A copy of the prize check was introduced into evidence at the trial of this matter. The check, dated November 19, 1990, reflects the name of Ms. Bernadine Noil as payee.