TERRI F. LOVE, Judge.
 

 I,Mrs. Firmin sued the executrix of Mr. Firmin’s estate, Dr. Henrynne Louden, to recover a marital portion of the estate. Mrs. Firmin filed a petition for damages for loss of use of the family home and, in the alternative, loss of use of insurance proceeds. Also, Mrs. Firmin filed motions to recover one-half of the community.
 

 The trial court found that at the time of Mr. Firmin’s death, he was not rich in comparison to Mrs. Firmin, and, therefore, Mrs. Firmin is not entitled to a marital portion. The trial court found that the income from Mr. Firmin’s business, ACT, was a separate asset and income from ACT was not community property. Also, the trial court found that Mrs. Firmin is not entitled to the use of insurance proceeds from the family home. We find no error in the trial court’s rulings and affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 Albert P. Firmin (“the Decedent”) died testate on February 2, 2003, leaving his wife, Valerie Bosworth Firmin (“Mrs.Fir-
 
 *447
 

 min”)
 

 [1]
 

 ,
 
 full ownership of all his “household furniture and belongings, appliances, and miscellaneous personal effects” and “use and habitation” of the house where they resided, which was ^located at 24 Chatham Drive, New Orleans, Louisiana. The Decedent appointed his sister Henrynne Louden (“Executrix”) as his executrix and trustee. Mrs. Firmin claimed that 1) she was entitled to the marital portion under Louisiana Law; 2) she is entitled to one-half (1/2) of the undistributed net income of the Decedent’s Business, Advanced Computer Technologies (“ACT”), and; 3) she is entitled to the insurance proceeds received by the Succession as a result of the damage to the family house due to Hurricane Katrina.
 

 After a bench trial, the trial judge found that Mrs. Firmin was not entitled to the recovery sought and entered judgment denying each of her claims.
 

 STANDARD OF REVIEW
 

 An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Cole v. Department of Public Safety & Corrections,
 
 2001-2123 (La.9/4/02), 825 So.2d 1134;
 
 Stobart v. State through Dept. of Transp. and Dev’t,
 
 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
 
 Cole, supra; Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). To reverse a fact finder’s determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding' of the trial court and that the record establishes that the finding is clearly wrong.
 
 Stobart, supra.
 

 Is A trial court’s findings regarding the nature of the property as community or separate is a factual determination subject to manifest error review.
 
 Ross v. Ross,
 
 2002-2984 (La.10/21/03), 857 So.2d 384
 

 MARITAL PORTION
 

 Mrs. Firmin sued the executrix of Mr. Firmin’s estate, Dr. Henrynne Loud-en, to recover a marital portion of the estate. However, the trial court found that Mrs. Firmin was not entitled to a marital portion of the estate. Mrs. Firmin contends that the trial court erred in finding that she was not entitled to the marital portion.
 

 La. Civ.Code art. 2432 provides: “When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.” La. Civ.Code art. 2434 provides that “The marital portion is one-fourth of the succession in ownership if the deceased died without children, the same fraction in usufruct for life if he is survived by three or fewer children.” La. Civ.Code art. 2432, comment (c) points out that whether one spouse dies “rich” in comparison to the other is relative. The time for making this determination is the date of death of the spouse.
 
 Succession of Monroe,
 
 494 So.2d 336 (La.App. 4th Cir.1986),
 
 writ denied,
 
 498 So.2d 16 (La.1986). Although there is no bright line test to guide the courts in
 
 *448
 
 comparing the relative wealth of the two estates, at least one appellate court has recognized that “five to one” is the minimal ratio which will be considered.
 
 Smitherman v. Smitherman,
 
 240 So.2d 6 (La.App. 2nd Cir.1970).
 

 Mr. Firmin died leaving two children, Ashley and Dana; therefore, the marital portion at issue is full ownership or usu-fruct over one-fourth of Mr. Firmin’s probate estate. However, La. Civ.Code art. 2435 requires that “the Rmarital portion must be reduced by the value of any legacies made to the surviving spouse.”
 

 In determining whether Mrs. Firmin is entitled to a marital portion, the trial court compared the value of Mrs. Firmin’s personal assets at the time of Mr. Firmin’s death and the value of the assets that Mrs. Firmin received due to Mr. Firmin’s death to the value of Mr. Firmin’s estate.
 

 Mrs. Firmin testified that at the time of Mr. Firmin’s death, her patrimonial assets were as follows:
 

 Savings account $ 31,500.00
 

 Checking account $ 28,476.12
 

 Mercedes automobile $ 15,000.00
 

 IRA $ 1,736.75
 

 Credit union account $ 1,042.58
 

 TOTAL $ 77,755.45
 

 Also, due to Mr. Firmin’s death, Mrs. Fir-min received the following:
 

 Mr. Firmin’s retirement account $ 65,436.00
 

 30-months use of family home
 

 (value estimated at $1,900/month
 

 less annual costs paid by Mrs. Firmin $ 40,500.00
 

 Furniture $ 24,000.00
 

 TOTAL $129,936.00
 

 As a result, the trial court found that the total of Mrs. Firmin’s personal assets in addition to the value of the items she received as a result of Mr. Firmin’s death was $207,691.
 

 1 .^Comparatively, the trial judge found that Mr. Firmin’s assets at the time of his death were valued at $259,297. This amount included a valuation of ACT at $218,546, which was comprised of the shareholders equity shown on the tax return as of December 2002, minus more than $179,000 in federal and Louisiana state income taxes that were due and subsequently paid on 2002 income.
 

 Mrs. Firmin maintains that in assigning a value to Mr. Firmin’s interest in ACT, the trial court incorrectly relied upon the Amended Descriptive List filed by the Executrix. Mrs. Firmin contends that the marital portion is calculated using the gross estate of the decedent. She further contends that without evidence to support valuation, the trial court erred in increasing the value of Mrs. Firmin’s inheritance by $55,000 and arbitrarily assigned a $40,000 value for her use of the family home and $15,000 for her car. Mrs. Fir-min also maintains that the trial court decreased the value of the estate by omitting $616,000 of cash from the value of ACT.
 

 We find no error in the trial court’s consideration of the Amended Descriptive List submitted at trial and the testimony of ACT’s accountant, Matthew Hurst, CPA (“Mr.Hurst”). The evidence and testimony corroborated the values included on the Executrix’s Amended Descriptive List. Based on the valuation of the assets of these two patrimonies, Mr. Firmin did not die rich in comparison to Mrs. Firmin. The relative comparison between the two patrimonies is far below what courts have heretofore considered the minimal.
 

 The trial court’s findings on this issue are therefore not manifestly erroneous or clearly wrong. Accordingly, the trial court did not err in finding that Mrs. Firmin is not entitled to receive the marital portion.
 

 ^COMMUNITY PROPERTY
 

 Mrs. Firmin filed motions to recover one-half of the community. In response, the executrix filed a Petition for Possession with an accompanying motion to force Mrs. Firmin to accept the estate’s
 
 *449
 
 stated one-half of the community. However, Mrs. Firmin did not accept the stated value of the community.
 

 The trial court held that Mr. Firmin’s business, ACT, was a separate asset and any income retained by the company as of Mr. Firmin’s death was also a separate asset. Mrs. Firmin claims that she is entitled to one-half (1/2) of the undistributed income of ACT as her community property. However, the trial judge held that despite Mr. Firmin’s unreported income and multiple corporate irregularities, the income from ACT for their one year of marriage remained separate property.
 

 Mrs. Firmin argues that the trial court erred in holding that the income from ACT, was not community property. To support this argument, Mrs. Firmin contends that ACT’s accountant testified that Mr. Firmin was under-compensated, hid income by using ACT’s checking account as his own personal account, and used corporate funds to purchase three cars for his daughters and sister, and constructing swimming pools for himself and his sister. The appellant also contends that Mr. Fir-min did not follow corporate formalities in the operation of his business.
 

 The trial court determined that Mr. Fir-min’s regular pattern was to use money from the company’s account for living expenses while leaving the remainder of the money in the company’s account to fund its operations. The trial court found that while Mr. Firmin’s bookkeeping was relatively casual, ACT was 17an entity that was legally separate from Mr. Firmin. The trial judge noted that ACT “was a real and substantial business with its own books and records and most importantly, it regularly reported and paid corporate taxes.” As a result, the trial judge ruled that Mrs. Firmin is not entitled to the business income of ACT.
 

 Under Louisiana law, property is characterized as either community or separate. La. Civ.Code art. 2335. Further, classification of property as either separate or community is fixed at the time of its acquisition.
 
 Noil v. Noil,
 
 96-2167 (La. App. 1 Cir. 9/19/97), 699 So.2d 1134. La. Civ.Code Article 2341 provides:
 

 The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.
 

 Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La. Civ. Code. art. 2340. La. Civ.Code art. 2340 establishes a presumption in favor of the community which can be rebutted by either spouse. Since this presumption is rebuttable, the article is procedural in nature and can be applied retroactively to the facts of a case. See
 
 Tullier v. Tullier,
 
 464 So.2d 278, 282 (La.1985). The proper burden of proof in overcoming the presumption of community contained in Arti-
 
 *450
 
 ele 2340 is a preponderance of the evidence.
 
 Talbot v. Talbot,
 
 03-0814, p. 12 (La.12/12/03), 864 |8So.2d 590, 600. The party asserting the separate nature of the property acquired during the marriage has the burden of overcoming a strong presumption in favor of the community.
 
 Tullier,
 
 464 So.2d at 283. The trial court’s findings regarding the nature of the property as community or separate are factual determinations.
 
 Harvey v. Amoco Production Company,
 
 96-1714, p. 7 (La.App. 1 Cir.6/20/97), 696 So.2d 672, 677.
 

 As the representative of Mr. Firmin’s succession, the executrix established that Mr. Firmin’s ownership interest in ACT was acquired prior to his one-year marriage to Mrs. Firmin. Also, the record reflects that instead of paying himself a salary, Mr. Firmin routinely paid personal expenses from the ACT account and credit cards for personal expenses. Mr. Hurst, who acted as a CPA for ACT and Mr. Firmin from 1999 to 2003, testified that beginning in 2000, he began to properly account for those personal expenses by creating what he referred to as a loan-to-shareholder account. Mr. Hurst testified that the payment of salary to Mr. Firmin was credited to this account, and personal expenses were debited from this account. Mr. Firmin’s routine use of ACT’s checking account and credit card was verified by Mr. Hurst, who acted as the CPA for ACT and Mr. Firmin from 1999 to 2003. However, even if it were as Mrs. Firmin argues that Mr. Hurst’s testimony proves that Mr. Firmin used corporate funds for personal purchases, “[t]he mere mixing of separate funds and community funds in a bank account does not alone convert the entire account into community property.”
 
 Biondo v. Biondo,
 
 99-0890, p. 11 (La.App. 1 Cir. 7/31/00), 769 So.2d 94, 103 citing
 
 Curtis v. Curtis,
 
 403 So.2d 56, 59 (La.1981). “Where separate funds can be traced with sufficient certainty to establish the separate ownership of property paid for with those funds, the separate Rstatus of such property will be upheld.”
 
 Id.,
 
 citing
 
 Landwehr v. Landwehr,
 
 547 So.2d 752, 755 (La.App. 4th Cir. 1989).
 

 The record further reflects that in the year of his marriage to Mrs. Firmin, Mr. Firmin took the same “de facto salary” that he routinely took from the company for living expenses in years prior to their marriage.
 

 Credibility determinations, including the evaluation of and resolution of conflicts in expert testimony, are factual issues to be resolved by the trier of fact, which should not be disturbed on appeal in the absence of manifest error.
 
 Hanks v. Entergy Corporation,
 
 2006-477 (La.12/18/06), 944 So.2d 564.
 

 The trial court made a credibility determination, and we find no basis to reverse that determination on appeal. We find no error in the trial court’s determination that ACT and the income retained by the company as of Mr. Firmin’s death was separate property.
 

 INSURANCE PROCEEDS
 

 Mrs. Firmin filed a petition for damages for loss of use of the family home and, in the alternative, loss of use of insurance proceeds. The trial court, however, denied Mrs. Firmin’s claim.
 

 Mrs. Firmin contends that the trial court erred in not awarding her the use of insurance proceeds from the family home that was destroyed during Hurricane Katrina. Mrs. Firmin maintains that neither she nor the estate wanted to repair the house or could afford to repair the property; therefore, with the loss of use of the home, Mrs. Firmin claims entitlement to use of the insurance proceeds.
 

 
 *451
 
 Mr. Firmin’s will bequeathed to Mrs. Firmin use and occupancy of the family house with the proviso that she continued to live in the family house. Further, Mr. Firmin’s will stated that Mrs. Firmin “shall be responsible to make all | ^reasonable repairs, pay all taxes, and keep the improvements located on the property covered with adequate fire and extended coverage insurance.”
 

 The right of habitation is a “nontransferable real right of a natural person to dwell in the house of another.” La. Civ.Code art. 630. This right is “regulated by the title that establishes it.” La. Civ.Code. art. 632. The Louisiana Supreme Court “has indicated that the function of the courts is to carry out the intention of the testator and effect should be given to all language contained in the will if possible.”
 
 Succession of Bel,
 
 377 So.2d 1380, 1383 (La.App. 4th Cir.1979).
 

 The right of habitation conferred on Mrs. Firmin is governed by Mr. Firmin’s testamentary language, in which he explicitly delineated her rights and responsibilities. Mr. Firmin’s will specified Mrs. Fir-min’s obligations with regard to use and habitation. Specifically, Mr. Firmin’s will stipulated that if Mrs. Firmin did not continually live in the family house for a period of six months, the conferred right of use and occupancy would cease.
 

 The record reflects that the executrix offered Mrs. Firmin use of the insurance proceeds to repair the family house for her to occupy it. However, Mrs. Firmin did not accept that offer. Further, Mrs. Fir-min testified that she had no desire to reside in the family house.
 

 The trial judge stated that the insurance money for damages to the family house was received more than two years prior to trial and noted that Hurricane Katrina occurred more than three years prior to trial. The trial court found that even after affording some leniency in the stipulated six-month requirement due to Hurricane Katrina, Mrs. Firmin still had not occupied the family house at the time of trial.
 

 In We find no error in the trial court’s determination that Mrs. Firmin could not be granted the use of the insurance proceeds in lieu of fulfilling the occupancy requirement stipulated by Mr. Firmin in his will. Allowing Mrs. Firmin to use the insurance proceeds for any purpose other than to occupy the house would be contrary Mr. Firmin’s testamentary intent. Therefore, we find that the trial court did not err in denying Mrs. Firmin use of the insurance proceeds.
 

 DECREE
 

 Accordingly, we affirm the trial court’s judgment. Mrs. Firmin is not entitled to a marital portion. The income from Mr. Firmin’s business, ACT, was a separate asset and income from ACT was not community property. Mrs. Firmin is not entitled to the use of insurance proceeds from the family home.
 

 AFFIRMED.
 

 [1]
 

 . Due to the pleadings, for the purpose of this appeal, the Court will refer to the appellant as ‘‘Mrs. Firmin.”