HIGGINBOTHAM, J.
|aThis case involves a surviving spouse’s entitlement to a marital portion under La. Civ. Code Art. 2432.
FACTS AND PROCEDURAL HISTORY
Mrs. Diane Seal'and Mr. Wendell Seal were married on June 1, 1998, and established their matrimonial domicile at Mr. Wendell Seal’s home located at 26365 Ken-dalwood Rd. in Baton Rouge, Louisiana. They resided there until Mr. Wendell Seal’s death on September 21, 2007. In Mr. Wendell Seal’s last will and testament he bequeathed the entirety of this estate, including the Kendalwood home, to his nephew, Mr. Benjamin C. Seal. Mr., Benjamin Seal filed a Petition for Probate and for Possession on May 7,2009, and on May 26, 2009, a judgment Of possession was signed transferring all the property of Mr. Wendell Seal’s estate to Mr. Benjamin Seal.
After Mr. Wendell Seal’s death, Mrs. Seal continued to reside in the Kendal-wood home, and Mr. Benjamin Seal paid for property taxes, home, insurance, and some maintenance on the-, home. Mrs. Seal remained in the home until January or early February 2011. During that time, Mr. Benjamin Seal also purchased a new vehicle for Mrs. Seal.
On September 21, 2010, Mrs. Seal filed a petition to re-open the succession of Mr. Wendell Seal and to claim the martial portion from Mi*. Wendell Seal’s estate. In response, Mr. Benjamin Seal filed an answer disputing Mrs. Seal’s claim for the marital portion and a reconventional demand. In his reconventional demand, Mr. Benjamin Seal sought reimbursement from Mrs. Seal for her residing in the home rent free, for the vehicle he purchased for her, and for items that were removed from the home when Mrs. Seal moved out. Additionally, Mr. Benjamin Seal sought to adjust the values in the detailed descriptive list attached to the Petition for Probate and Possession.
l.gThe matter came before the trial court on June 18 and 19, 2014. On the first day of trial, Mr. Benjamin Seal filed an amended detailed descriptive list changing the value of certain assets and liabilities of Mr. Wendell Seal, including the value of the Kendalwood home, which was sold after Mrs. Seal moved out for $120,000.00.
At the conclusion of the trial, judgment was signed re-opening the succession of Mr. Wendell Seal and finding that Mrs. Seal satisfied , all elements necessary to claim the marital- portion. Additionally, the judgment set the value of the Kendal-wood home at $120,000,00 (the price the home sold for) and declared that Mrs. Seal is owner of and sent into possession of an undivided one-fourth interest in and to all of the property of which Mr. Wendell Seal died possessed of, including any mineral rights associated with the immovable properties. Mr. Benjamin Seal was ordered to pay Mrs. Seal for one-fourth of the value of the Kendalwood home and one-fourth of the mineral royalties he had received as of the date. of the trial for a total of $37,298.66. He was also ordered to pay one-fourth of any future mineral payments collected by him until the mineral rights could be changed to reflect Mrs. Seal’s *793 ownership interest in them. Mr. Benjamin Seal received credit of $14,093.80 towards the amount he was ordered to pay for the money he used to purchase a vehicle for Mrs. Seal.[1]
It is from this judgment that Mr. Benjamin Seal appeals.[2]
LAW AND ANALYSIS
Louisiana Civil Code article 2432 provides: “When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the | ¿marital portion from the succession of the deceased spouse.” Louisiana Civil Code article. 2432, comment (c) points out that whether one spouse dies “rich” in comparison to the other is relative and it depends on a comparison of the patrimonial assets of the deceased with those of the survivor. The time for making this determination is the date of death of the spouse. Succession of Monroe, 494 So.2d 336 (La.App. 4th Cir.1986), writ denied, 498 So.2d 16 (La.1986). In making this determination, neither the future earning capacity of the surviving spouse nor support she may expect from children are to be considered patrimonial assets. Succession of Monroe, 494 So.2d at 337.
Although there is no bright line test to guide the courts in comparing the relative wealth of the two estates, at least one appellate court has recognized that “five to one” is the minimal ratio that will be considered. The civil law concept of patrimony includes the total mass of existing or potential rights and liabilities attached to a person for the satisfaction of his economic needs. Depner v. Depner, 478 So.2d 532, 533 (La.App. 1st Cir.1985) writ denied 480 So.2d 744 (La.1986). The marital portion is One-fourth of the succession in ownership if the deceased died without children. La. Civ. Code art. 2434.
In his first and'second assignments of error, Mr. Benjamin Seal contends that Mrs. Seal is not entitled to the marital portion because the trial court 1) did not place a value on the patrimony' of Mrs. Seal and Mr. Wendell Seal, and 2) should have considered the value Mrs. Seal' received from living in the Kendálwood home rent free in determining her patrimonial assets.
In favor of his position that Mrs. Seal’s use of the family home from September 2007 to January 2011 should have been considered -in the valuation of her patrimony, Mr. Benjamin Seal cites In re Succession of Firmin, 2009-0411 (La.App. 4th Cir.4/21/10) 38 So.3d 445, Writ denied, Succession of Firmin, 2010-1176 (La.9/17/10), 45 So.3d 1046, wherein, the court considered the surviving spouse’s |b“30 — months use of family , home” when determining the value of her patrimonial assets. In. Firmin,- the decedent in his last will and testament left to his spouse “use and habitation” of the home in which they resided, and the court assigned a value to the use of the home granted to the surviving spouse. Firmin, 38 So.3d at 448.
*794 Unlike the situation in Firmin, Mrs. Seal was not awarded use of the Kendal-wood home by Mr. Wendell Seal’s last will and testament. Instead, Mrs. .Seal simply remained in the home and was never asked to leave or to pay rent. Mrs. Seal remaining in the home without paying rent is analogous to future support she may' expect from children or others which is not to.be considered patrimonial assets. See La. Civ. Code art. 2432 comment (c). Further, a determination of whether Mrs. Seal is entitled to a .marital portion was to be determined as of the time of Mr. Seal’s death. Succession of Monroe, 494 So.2d at 337. The fact that Mrs. Seal was allowed to remain in the home after the death of Mr. Wendell Seal was not part of her patrimony at the time of Mr. Wendell Seal’s death. Thus, we find no error in the trial court’s decision not to include the value Mrs. Seal received from living in the Kendalwood home rent free in determining her patrimonial assets.
Having found no error in the trial court’s exclusion of Mrs. Seal’s use of the home as part of her patrimony, we next consider Mr. Benjamin Seal’s contention that Mrs. Seal is not entitled to the marital portion because the trial court did not place a value on the patrimony of Mrs. Seal and Mr. Wendell Seal. In the judgment, the trial court made a finding that Mrs. Seal “satisfied all elements of her claim to the Martial Portion, that is, [d]e-cedent’s succession is rich in comparison to the patrimony of Diane Gatzman Seal.” The trial court determined that at the time of Mr. Wendell Seal’s death, his net assets were valued’ at $253,740.88. Comparatively, the only evidence in the record revealed that Mrs. Seal’s assets at the time of Mr. Wendell Seal’s death consisted of a bank account with- a balance of approximately $900.00, a vehicle worth $6,700.00, and some furniture and | f,moveable property worth very little. The result is a ratio of much greater than “five to one” when comparing' Mr. Wendell Seal’s estate with the patrimony of Mrs. Seal. Accordingly, we find that the trial court properly considered the patrimony of Mrs. Seal and the estate of Mr. Wendell Seal and find no error in its determination that Mr. Wendell Seal died "rich in comparison to Mrs. Seal and that Mrs. Seal is entitled to the marital portion.
In his third assignment of error, Mr. Benjamin Seal contends, in the alternative, that he should receive a credit for the fair-market rental value for the forty months that Mrs. Seal occupied the Kendalwood home rent free. During trial, when Mr. Benjamin Seal was asked why he allowed Mrs. Seal to remain in the home he stated, “I just — I figured if she would have had somewhere else to go, she would have gone.” We acknowledge that it was generous of Mr. Benjamin Seal to allow Mrs. Seal to remain in the home; however, there is no contractual basis or statutory grounds pled by him under which he is entitled to receive credit for doing so.
Louisiana Civil Code article 2435 provides that “a legacy left by the deceased to the surviving spouse and payments due to him as a result of the death are deducted from the marital portion.” (Emphasis added.) Mrs. Seal’s use of the family home was not a legacy that should be deducted from the marital portion in accordance with Article 2435 as Mrs. Seal was not granted use of the house in Mr. Wendell Seal’s last will and testament.[3]
*795 In his final assignment of error, Mr. Benjamin Seal contends that the trial court erred in granting Mrs. Seal a one-fourth share of all property of the estate, and instead should have calculated a dollar amount that she is entitled to. Louisiana Civil Code article 2434 provides that the marital portion is one-fourth of the succession in \ ^ownership if the deceased died without children. (Emphasis added.) ’’ The article does not grant one-fourth of the value of the estate. Comment (b) to Article 2434 acknowledges that if the deceased died without children, the marital portion is one-fourth of the succession in perfect ownership. Perfect ownership is the right to use and dispose of one’s property in the most unlimited manner. Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558, 562 (1940). Under the statute, Ms. Seal’s marital portion is granted in ownership. Therefore, we find no merit to Mr. Benjamin Seal’s contention that Mrs. Seal was not entitled to ownership and only entitled to a dollar amount for her claim for the marital portion.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of the appeal are assessed to appellant, Mr. Benjamin Seal.
AFFIRMED.

. We note that the judgment does not order Mrs. Seal to pay her pro rata share of all the debts owed by Mr. Wendell Seal and paid by the estate; however, that issue was not appealed.

. Mrs. Seal's brief alleges several assignments of error other than those • addressed in Mr. Benjamin Seal’s brief. In order to obtain a beneficial modification of the trial court's judgment, an appellee must either appeal independently or answer another party’s appeal. See La. Code Civ. P. art. 2133 Bustamante v. Manale, 397 So.2d 842, 843 (La.App. 4th Cir. 1981). In this case, Mrs. Seal neither apswered the appeal nor filed a separate appeal. Therefore, we did not address the assignments of error raised in her brief.

. We do not address Mr. Benjamin Seal’s assignment of error regarding the trial court’s finding that the testimony of Ms. Alexa Riche, who testified regarding rental value, was not credible because, like the trial court, we find that Mr. Benjamin Seal is not entitled to credit for the rental value of the Kendalwood *795 home nor should rental value have been considered as part of Mrs. Seal’s patrimony.